IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ADAM E. LANE                                                                           PETITIONER

VS.                                CASE NO. 5:19CV0064 KGB/PSH

WENDY KELLEY, Director,
Arkansas Department of Correction (ADC)                                RESPONDENT

# FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Adam E. Lane ("Lane") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Lane is currently in the custody of the Arkansas Department of Correction (ADC) following a 2015 jury trial in the Circuit Court of Sebastian County on the charges of being a habitual offender with simultaneous possession of drugs and a firearm, possession of methamphetamine with intent to deliver, and possession of drug paraphernalia. Lane was convicted of all charges and sentenced to seventy years' imprisonment. On direct appeal, Lane contended the trial court erred (1) in denying his motion to suppress because officers entered his hotel room without a warrant and without knocking and announcing their presence; and (2) in denying his motion in limine to exclude his statement that he would "take all the charges" and that his companion should be relieved of all charges. The Arkansas Supreme Court found the officers violated the Fourth Amendment when they

failed to knock and announce their presence before entering Lane's hotel room. However, despite the violation, the Court found the evidence obtained from entering the hotel was still admissible. In reaching this conclusion, the Court relied on *Hudson v. Michigan*, 547 U.S. 586 (2006). The Court also found no error in the trial court's denial of Lane's motion in limine. The convictions were affirmed. *Lane v. State*, 2017 Ark. 34 (2017).

Lane subsequently sought Rule 37 postconviction relief in state court, filing a petition with the trial court in April 2017. Docket Entry ("D.E.") 6-7, pages 10-18. In the petition, Lane alleged seven instances of ineffective assistance of counsel (six of these relate to trial counsel, and one cites ineffective appellate counsel), and also raised the two claims which were raised and decided adversely to him on direct appeal. Lane, his trial counsel, and the prosecutor testified at a Rule 37 hearing in September 2017. D.E. 6-7, pages 63-113. The judge denied the motion for Rule 37 relief, detailing findings of fact and conclusions of law in an order filed on September 12, 2017. D.E. 6-7, pages 45-49. The Arkansas Supreme Court affirmed the trial court's ruling. *Lane v. State*, 2019 Ark. 5 (2019).

In this federal habeas corpus petition, filed on February 11, 2019, Lane raises five claims for relief:

    1. Ineffective assistance of counsel for failing to oppose the admission of his jailhouse statement regarding his guilt and his co-defendant's guilt;

    2. Trial court error in denying his motion to suppress evidence seized during the warrantless search of the hotel room;

    3. Ineffective assistance of counsel for failing to move for a directed verdict based upon the insufficiency of the evidence;

    4. Ineffective assistance of counsel for failing to object to the admission of evidence of methamphetamine at trial; and

    5. Actual innocence of all charges.

Respondent Wendy Kelley ("Kelley") contends the three allegations of ineffective assistance

of counsel (claims 1, 3, and 4) were adjudicated in state court and are without merit because the state court decision was fairly supported by the record. Kelley states claim 2 should not be considered because Lane had a full and fair opportunity to litigate this Fourth Amendment claim in state court. And Kelley argues the fifth claim, actual innocence, is a claim which is typically not cognizable in habeas proceedings. Assuming the fifth claim is properly before this Court, Kelley contends it is without merit. Lane has responded to Kelley's arguments, filing a Traverse on March 27, 2019. D.E. 7.

Prior to considering Lane's claims, the Supreme Court of Arkansas provides a concise summary of the pertinent facts:

> In January 2015, Lane, who was on parole from the Arkansas Department of Correction, was staying at a hotel in Fort Smith. Lane had appeared for his initial parole intake but had failed to report to his Arkansas Department of Community Corrections parole officer, Adam Nading, in January as instructed. Lane also had violated a condition of his release by staying at the hotel, which was not his primary residence, without prior approval.
>
> Nading learned that Lane was staying at the hotel and went there with a Fort Smith police officer. The hotel manager used an electronic key device to open the locked door for the officers. The officers did not knock or announce their presence before entering the room. Lane, who had been asleep in bed with a female companion, was arrested by the officers. Next to the bed, officers observed several baggies containing methamphetamine. The officers discovered more methamphetamine and a handgun in the bed.
>
> Following his arrest, Lane authored a statement wherein he stated that the drugs found in the hotel room were his, not his companion's. A jail employee notarized the statement. Lane was charged as a habitual criminal offender with simultaneous possession of drugs and a firearm, possession of methamphetamine with intent to deliver, and possession of drug paraphernalia. He filed a motion to suppress the evidence seized during his arrest on the basis that the officers entered his hotel room without a warrant and failed to knock and announce their presence. He also filed a motion in limine to exclude the signed statement. The circuit court denied both motions. The jury convicted Lane of the charges, and the circuit court sentenced Lane to seventy years' imprisonment.

*Lane v. State*, 2017 Ark. 34, 2, *cert. denied*, 137 S. Ct. 2222, 198 L. Ed. 2d 665 (2017).

**Analysis**

*Claims one, three, and four*

Lane's first, third, and fourth claims, allegations that he received ineffective assistance of trial counsel, were all raised and decided adversely to Lane in state court. Consequently, these three claims are analyzed under the statutory framework found at 28 U.S.C. § 2254(d)(1), (2). When the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). The United States Supreme Court offers guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court decision will be an "unreasonable application of" our clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
>
> . . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

It is undisputed that the "clearly established Federal law" in this instance is *Strickland v. Washington*, 466 U.S. 688 (1983), requiring a petitioner to prove that (1) his attorney's actions were unreasonable when viewed in the totality of the circumstances; and (2) he was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. The Supreme Court of Arkansas cited *Strickland* in its opinion denying the Rule 37 petition. And although the trial court did not specifically cite federal law in its order denying Rule 37 relief, that failure is not problematic as the Arkansas case[1] cited by the trial court

---

[1]The trial court cited *Price v. State*, 347 Ark. 708 (2002).

cites and applies *Strickland,* and neither the court's reasoning nor result contradicts federal law. *See Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005).

Having reviewed the trial record and the Supreme Court of Arkansas' Rule 37 opinion, the Court concludes that the state court decision was not contrary to, or an unreasonable application of, *Strickland*. The Supreme Court of Arkansas' opinion, thoroughly setting out the law and the numerous assertions of ineffective assistance of counsel, holds that Lane failed to satisfy the second prong of the *Strickland* test in every allegation of counsel error. Put another way, even if Lane's trial counsel had made every argument he now claims should have been made, there was no prejudice to him as he fails to demonstrate any of the arguments were meritorious. D.E. 6-11, page 7. This application of *Strickland* was appropriate and there is no merit to Lane's claim, under 28 U.S.C. § 2254(d)(1), of constitutional error in applying the applicable federal law.

Even if the Arkansas Supreme Court correctly applied the clearly established federal law, habeas corpus relief remains available if the state appellate court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(2). The Court therefore addresses below the various factual scenarios relevant to Lane's three claims of ineffective assistance of counsel.

Lane first alleges he received ineffective assistance of trial counsel when his attorney failed to object to the admission of his affidavit indicating he "would like to take all charges" on possession of a firearm, simultaneous possession of drugs and a firearm, possession with intent to deliver methamphetamine, and "relieve Jalesa Latoya Smith of charges for she was not aware of any illegal activities and had no knowledge of my activities." D.E. 6-2, page 46, 233. This claim was unsuccessfully raised in Lane's Rule 37 proceeding. On appeal, after citing *Strickland*, the Supreme Court of Arkansas ruled:

> As to Lane's claims that counsel should have made an objection to the admission of his statement on hearsay grounds, he demonstrated no sound basis for the objection. Statements such as Lane's, which was a statement made by a party to

5

> the proceedings, do not come within the definition of hearsay under our evidentiary rules. Ark. R. Evid. 801(d)(2)(I) (2017). A statement made by a defendant and offered against him or her at trial constitutes an admission of a party opponent. *Smith v. State*, 2009 Ark. 453, 343 S.W.3d 319 (citing *Ward v. State*, 350 Ark. 69, 73, 84 S.W.3d 863, 865–66 (2002) ). . .
>
> Likewise, Lane's claim that trial counsel should have obtained a ruling on the Rule 403 ground for excluding the statement that counsel had included in the motion in limine also fails because Lane does not demonstrate that the argument would have been successful if it had been preserved for appeal. Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence," allowing a trial court to refuse to admit evidence that is unfairly prejudicial to the defendant, even if it might be relevant. *Lard v. State*, 2014 Ark. 1, 431 S.W.3d 249. Evidence offered by the State is often likely to be prejudicial to the accused, but the evidence should not be excluded unless the accused can show that it lacks probative value in view of the risk of unfair prejudice. *Id.*
>
> Lane failed to show that counsel's argument that the statement should be excluded under Rule 403 was meritorious, either by showing that there was a risk of unfair prejudice or that the statement lacked probative value. Lane does not appear to attack the probative value of the statement, which is clearly evidence of a guilty conscience and therefore highly probative of guilt. The test of admissibility of evidence over an objection to relevancy is whether the fact offered into proof affords a basis for rational inference of the fact to be proved. *Conte v. State*, 2015 Ark. 220, 463 S.W.3d 686. Any evidence that is relevant to explain the act, show a motive, or illustrate the accused's state of mind, may be independently relevant and admissible. *Id.*
>
> Instead, Lane contends that the statement, when considered with his codefendant's testimony, was prejudicial and confusing. Lane's codefendant—his female companion at the hotel—testified that she had entered a guilty plea to possession of the gun and drugs, in contrast to Lane's written statement in which he indicated that he wished to "take the charges" and that she had no knowledge of his "activities." While the jury would have been required to assess the credibility of the two conflicting statements, Lane's codefendant's testimony did not make Lane's statement unduly confusing and its admission was not unfairly prejudicial.

*Lane v. State*, 2019 Ark. 5, 6–8 (2019).

The Court is mindful of Lane's burden in order to obtain habeas relief under 28 U.S.C. § 2254(d)(2).

> Under § 2254(d)(2), "habeas relief can be available if the conviction at issue is based on findings of fact that could not reasonably be derived from the state court evidentiary record." *Barnes v. Hammer*, 765 F.3d 810, 814 (8th Cir. 2014). We presume that the state court's findings are correct, however, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28

6

U.S.C. § 2254(e)(1). Moreover, "[t]he existence of some contrary evidence in the record does not suffice to show that the state court's factual determination was unreasonable." *Cole v. Roper*, 783 F.3d 707, 711 (8th Cir. 2015).

*Ervin v. Bowersox*, 892 F.3d 979, 985 (8th Cir. 2018).

Lane fails to identify any state court finding of fact as unreasonable based upon the record. Although Lane now asserts no knowledge of authoring the statement in issue, this lack of knowledge was not the basis for Lane's motion in limine, nor was this raised at trial when Kathy Walker, employed at the Sebastian County Detention Center, testified that Lane signed the affidavit in her presence. D.E. 7, page 9, and D.E. 6-2, pages 44 and 233. As a result, there is no explicit state court finding of fact that Lane authored the affidavit. No blame may be assigned to the state court when Lane did not raise the contention prior to or at trial. The essence of Lane's challenge to his attorney's efficacy is legal rather than factual – the affidavit would have been excluded if only his attorney raised and argued the proper evidentiary rules. The Court has already found no error in the legal result and reasoning of the state court. It now finds that Lane establishes no factual determination which was unreasonably determined on the record presented in state court. There is no merit to Lane's first claim.

Lane's second allegation of ineffective assistance of counsel (claim three in his petition) is that his attorney failed to move for a directed verdict on grounds that the state failed to prove he "knowingly" possessed the gun and drugs. The Supreme Court of Arkansas considered this assertion:

> Next, Lane contends that counsel was ineffective for failing to move for a directed verdict on the basis that there was no evidence that he knew of the presence of the gun and the other contraband. The trial court found that there was evidence of simultaneous possession and that a proper motion in that regard would not have been successful. That finding was not clearly erroneous.
>
> In drug cases, it is not necessary for the State to prove that an accused physically held the contraband, as possession of contraband can be proved by constructive possession, which is the control or right to control the contraband. *Conley v. State*, 2014 Ark. 172, 433 S.W.3d 234. Constructive possession exists when joint occupancy of the premises occurs and there are additional factors linking the accused to the contraband. *Morgan v. State*, 2009 Ark. 257, 308 S.W.3d 147.

7

> Those additional factors include (1) that the accused exercised care, control, or management over the contraband; and (2) that the accused knew the matter possessed was contraband. *Id.* It is the last of the two factors that Lane asserted below was not satisfied, and he reasserts his claim that counsel should have made a motion for directed verdict on that basis on appeal. In particular, he argues that the gun was wrapped in a bandanna so that he could not have known what it was.
>
> The control and knowledge factors can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. *Conley*, 2014 Ark. 172, 433 S.W.3d 234. In addition, an accused's suspicious behavior coupled with proximity to the contraband may be clearly indicative of possession. *Loggins v. State*, 2010 Ark. 414, 372 S.W.3d 785. Here, the circumstances were that the gun and some of the drugs were found in the bed between where Lane had been and where his codefendant lay. That intimate proximity, where Lane only had to lay his hand on the gun—even if it was wrapped as he contends—to become aware of its presence, along with Lane's suspicious behavior in making a statement attempting to absolve his codefendant of responsibility, linked him to the contraband.
>
> There was therefore some evidence of knowledge to support presenting the question to the jury, despite Lane's contention to the contrary. The State urges that this issue is not one appropriate for review. This court may consider this type of claim, that is, a claim that presents an issue of whether counsel should have argued a specific basis in his motions for directed verdict so as to have the motions granted as a matter of law. *See, e.g.*, *Ortega v. State*, 2017 Ark. 365, 533 S.W.3d 68. We go no further, however, because a petitioner cannot challenge the weight and sufficiency of the evidence through a Rule 37 proceeding by framing the question as an allegation of ineffective assistance of counsel. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. Because a motion made on the basis that Lane would have had counsel raise could not have been successful as a matter of law, we hold that it was not clear error for the trial court to conclude that counsel was not ineffective.

*Lane v. State*, 2019 Ark. 5, 8–10 (2019).

The Court finds no error in the determination of facts based upon the evidence adduced in state court. Lane's claim is founded upon two assertions – one, he did not know about the gun and drugs, and two, Jalesa Smith ("Smith") testified that the gun was hers and stated she pled guilty to possession of the gun and the methamphetamine. D.E. 6-2, page 237. These allegations, however, do not dictate a result different from the verdicts reached by the jury. Lane chose not to testify. Even if he had testified to no knowledge of the gun and drugs, the jury was charged with weighing the credibility of the witnesses. As a result, the jury was also not obliged to accept at face value Smith's testimony. Instead, the jury appropriately determined possession based upon the principles

8

of Arkansas law, as instructed by the trial judge[2] and as set forth by the Supreme Court of Arkansas. D.E. 6-2, pages 255-256. There was no error in the jury's determination that Lane constructively possessed the gun and drugs, and there is therefore no merit to the claim that Lane's attorney was ineffective for failing to move for a directed verdict on the basis that Lane did not "knowingly" possess the items.

Lane's final claim of ineffective assistance of counsel (claim 4) is that his attorney failed to object to the introduction of the methamphetamine. Lane argues there were irregularities with the chain of custody, there was tampering, and there were discrepancies in the alleged amounts of methamphetamine introduced at the trial. The Supreme Court of Arkansas considered this claim:

> In his final point alleging ineffective assistance, Lane contends that trial counsel should have objected to the admission of the methamphetamine because there were discrepancies between the weight of the items initially seized, the total weight of the items that were tested by the Arkansas State Crime Lab, and the weights of the individual bags. Lane asserts counsel should have challenged the authentication of the evidence and argued a break in the chain of custody. As with the other evidentiary-related ineffective-assistance claims, the trial court incorrectly found that the claim was not cognizable, but it also noted that the deputy prosecuting attorney who was responsible for Lane's prosecution testified during the Rule 37 hearing to explain the discrepancies.
>
> Once again, Lane has failed to carry his burden to demonstrate that the proposed objection that he would have had counsel make would have been meritorious. The issues Lane raises are the type that go to the weight of the evidence and the credibility of the witnesses rather than presenting a question of law for the court. *See Lee v. State*, 2017 Ark. 337, 532 S.W.3d 43; *see also Crisco v. State*, 328 Ark. 388, 943 S.W.2d 582 (1997). The State introduced evidence that the discrepancies could be explained, and there was therefore no marked difference in the description of the substance by the police officer and the chemist to establish a significant possibility that the evidence tested was not the same as that seized. *Guydon v. State*, 344 Ark. 251, 39 S.W.3d 767 (2001). Lane did not demonstrate that the evidence would have been excluded based on the proposed challenges to the chain of custody.

*Lane v. State*, 2019 Ark. 5, 12–13 (2019).

At the Rule 37 hearing, the prosecutor, Barrett Milam ("Milam"), testified that any

---

[2]The jury was instructed, "If two or more persons share actual or constructive possession of a thing, either or both may be found to be in possession of it." D.E. 6-2, pages 255-256.

discrepancy in the weight of the drugs as initially seized, as tested by the Arkansas State Crime Lab, and in the individual bags[3] were the result of the typical manner of processing drugs by the Crime Lab – "the Crime Lab's standard operating procedure" used in "every case." D.E. 6-7, pages 109-110. This determination was not unreasonable based upon the evidence adduced in state court. To the contrary, there was no evidence challenging Milam's testimony and the conclusion reached by the trial court. Lane's argument concerning the admission of the methamphetamine is largely his disagreement with the state court legal rulings. To the extent that he is challenging factual determinations, he fails to identify any factual finding which was unreasonable based upon the evidence presented in state court.

In summary, none of the allegations of ineffective assistance of counsel are meritorious. Even assuming some error on the part of counsel, the Arkansas courts found he suffered no prejudice based upon his attorney's acts or omissions. The Arkansas state court decisions are entitled to deference, as Lane has not shown them to be contrary to, or an unreasonable application of, clearly established federal law, nor has he shown the decisions were based upon an unreasonable determination of the facts presented in state court.

*Claim two*

Lane's second claim for relief is trial court error in denying his motion to suppress evidence seized during the warrantless search of the hotel room. This claim rests on Fourth Amendment principles. In the context of habeas corpus litigation, though, any inquiry into a Fourth Amendment issue has been severely limited by the Supreme Court decision in *Stone v. Powell*, 428 U.S. 465 (1976). This case holds that the Constitution does not require that a state prisoner be granted federal habeas corpus relief on his Fourth Amendment claim if the state has provided an opportunity for the full and fair litigation of this claim. *See also Lee v. Lockhart*, 754 F.2d 277 (8th Cir. 1985). "It is

---

[3]The bags of methamphetamine were introduced at trial without objection based upon discrepancies in the weights, or tampering, or on the basis of a break in the chain of custody. D.E. 6-2, pages 179-180.

the existence of state processes allowing an opportunity for full and fair litigation of a fourth amendment claim, rather than a defendant's use of those procedures, that bars federal habeas corpus consideration of such claims." *Lenza v. Wyrick*, 665 F.2d 804, 808 (8th Cir. 1981). Here, Lane does not allege that the state system was defective or failed to provide the opportunity for him to fully and fairly litigate his Fourth Amendment claims. Not only was an opportunity provided, but Lane utilized the opportunity, raising his Fourth Amendment claims in a pre-trial motion to suppress hearing and pursuing this claim in his direct appeal. *Lane v. State*, 2017 Ark. 34, *cert. denied*, 137 S. Ct. 2222, 198 L. Ed. 2d 665 (2017). This claim is, accordingly, barred from review and should be dismissed on that basis.

*Claim five*

Typically, actual innocence is raised in habeas corpus cases to overcome a procedural bar or defeat the statute of limitations and provide a path or open a gateway to consideration of claims which would otherwise be barred. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). Here, Lane raises actual innocence as a freestanding claim for habeas corpus relief. *Herrera v. Collins*, 506 U.S. 390 (1993). According to Lane, his actual innocence is demonstrated by the testimony of Smith, the absence of fingerprint evidence, and his lack of knowledge of the gun and drugs found in the hotel room he occupied with Smith.

The Court is guided on this issue by the Eighth Circuit Court of Appeals:

> The Supreme Court has not decided whether a persuasive demonstration of actual innocence after trial would render unconstitutional a conviction and sentence that is otherwise free of constitutional error. *See House v. Bell,* 547 U.S. 518, 554–55, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006). The Court has established, however, that the threshold for any such claim, if it were recognized, would be "extraordinarily high." *Herrera v. Collins,* 506 U.S. 390, 417, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). The threshold, if it exists, would require "more convincing proof" than the "gateway" standard that allows for consideration of otherwise defaulted constitutional claims upon a showing of actual innocence. *House,* 547 U.S. at 555, 126 S.Ct. 2064; *see Schlup v. Delo,* 513 U.S. 298, 315, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Thus, on a freestanding claim of actual innocence, it is not sufficient that a petitioner shows even that it is "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851. The "extraordinarily high" threshold, if recognized, would be even higher. *House,* 547

U.S. at 555, 126 S.Ct. 2064.

*Dansby v. Hobbs*, 766 F.3d 809, 816 (8th Cir. 2014).

Any discussion of establishing actual innocence, whether a free-standing claim under *Herrera* or a gateway claim under *Schlup*, is purely theoretical, as Lane offers no evidence to satisfy either of the standards. A petitioner is required to do more than point to trial errors or to reiterate arguments about the evidence adduced at trial in order to show his innocence at this stage. The *Schlup* standard requires that new, reliable, scientific evidence be produced, and the *Herrera* case is even more exacting. Lane fails to approach satisfying either standard. Instead, his arguments focus on evidence and arguments available at the time of trial. Finally, a review of the trial transcript shows that ample evidence supports his convictions. There is no merit in this claim.

In summary, none of the five claims for habeas corpus relief have merit. As a result, the Court recommends that the petition be dismissed and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends that the certificate of appealability be denied.

IT IS SO ORDERED this 14th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE