# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**ADAM E. LANE**  PETITIONER
**ADC #151373**

v.   Case No. 5:19-cv-00064-KGB

**WENDY KELLEY, Director,**  RESPONDENT
**Arkansas Department of Correction**

## ORDER

Before the Court is United States Magistrate Judge Patricia S. Harris' Findings and Recommendation (Dkt. No. 8). Petitioner Adam E. Lane has filed objections to the Findings and Recommendation (Dkt. No. 9). After careful consideration of the Findings and Recommendation, the objections, and a *de novo* review of the record, the Court adopts the Findings and Recommendation as its findings in all respects (Dkt. No. 8).

### I.  Findings And Recommendation

Mr. Lane filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 2). In his habeas petition, Mr. Lane raises five claims for relief: (1) ineffective assistance of counsel for failing to oppose the admission of his jailhouse statement regarding his guilt and his co-defendant's guilt; (2) trial court error in denying his motion to suppress evidence seized during the warrantless search of the hotel room; (3) ineffective assistance of counsel for failing to move for a directed verdict based upon the insufficiency of the evidence; (4) ineffective assistance of counsel for failing to object to the admission of evidence of methamphetamine at trial; and (5) actual innocence of all charges (Dkt. Nos. 2, at 5-11; 3, at 2-11).

Judge Harris recommends dismissal of Mr. Lane's habeas petition on the grounds that none of his five claims have merit (Dkt. No. 8, at 12). Regarding Mr. Lane's ineffective assistance of

counsel claims, Judge Harris concludes that the Supreme Court of Arkansas considered these claims and found that Mr. Lane suffered no prejudice based upon his attorney's acts or omissions (*Id.*, at 3-10). Judge Harris agrees and finds meritorious none of Mr. Lane's allegations of ineffective assistance of counsel (*Id.*, at 10). Regarding Mr. Lane's claim of trial court error in denying his motion to suppress, Judge Harris concludes that Mr. Lane received a full and fair litigation of that issue at the state level and that this full and fair litigation bars this claim from habeas review (*Id.*, at 10-11). Regarding Mr. Lane's actual innocence claim, Judge Harris concludes that this claim is also meritless as Mr. Lane offered no evidence to satisfy the standards in place for actual innocence habeas claims (*Id.*, at 12).

## II. Objections

The Court writes separately to address Mr. Lane's objections (Dkt. No. 9). Regarding his first claim, Mr. Lane asserts that the admission of his jailhouse statement caused him unfair prejudice and that the statements were inadmissible as out-of-court hearsay (*Id.*, at 1-2). Regarding his third claim, Mr. Lane states that his counsel was ineffective for failing to move for a directed verdict or for a mistrial (*Id.*, at 3-4). Regarding his fourth claim, Mr. Lane claims that he suffered prejudice by being found guilty off evidence that was not the same as initially collected (*Id.*, at 3). These objections reiterate Mr. Lane's longstanding arguments underlying these claims and are not responsive to Judge Harris' Findings and Recommendation. Judge Harris reviewed the trial record and the Supreme Court of Arkansas' Rule 37 opinion and found that the state court decision was not contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). In particular, Judge Harris found that the Supreme Court of Arkansas correctly applied *Strickland* in holding that Mr. Lane failed to satisfy the prejudice prong that a successful ineffective assistance of counsel claim requires (Dkt. No. 8, at 5). *See Strickland*, 466 U.S. at 687 (holding that if

2

defendant shows counsel's performance was deficient defendant must still "show that the deficient performance prejudiced the defense"). After finding that the state court correctly applied the clearly established federal law, Judge Harris also found that the state court made no factual determination which was unreasonably determined on the record presented in state court (Dkt. No. 8, at 7). The Court agrees with the Findings and Recommendation and overrules Mr. Lane's objections regarding his ineffective assistance of counsel claims.

Regarding his second claim, Mr. Lane contends that officers committed an illegal offense and violated his Fourth Amendment rights (Dkt. No. 9, at 3). Mr. Lane argues that he was not offered an opportunity to argue the application of the exclusionary rule and successfully suppress the evidence obtained during the warrantless search of the hotel room (*Id.*, at 4). However, Judge Harris rightly states that the Supreme Court limited inquiries into Fourth Amendment issues in *Stone v. Powell*, 428 U.S. 465 (1976) (Dkt. No. 8, at 10). Accordingly, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on his Fourth Amendment claim if the state has provided an opportunity for the full and fair litigation of this claim (*Id.*). The Eighth Circuit has held that "the existence of state processes allowing an opportunity for full and fair litigation of a fourth amendment claim . . . bars federal habeas corpus consideration of such claims." *Lenza v. Wyrick*, 665 F.2d 804, 808 (8th Cir. 1981). Judge Harris notes that such an opportunity was provided, and Mr. Lane utilized the opportunity, raising his Fourth Amendment claims in a pre-trial motion to suppress hearing and pursuing this claim in his direct appeal (Dkt. No. 8, at 11). Judge Harris found this claim barred on those grounds, and Mr. Lane's objections do not overcome that finding. The Court agrees with the Findings and Recommendation and overrules Mr. Lane's objections regarding his claim alleging trial court error in denying his motion to suppress.

Regarding his fifth claim, Mr. Lane reasserts that he is actually innocent, states that he presented newly disclosed evidence at his Rule 37 hearing, and claims that this newly disclosed evidence will leave no reasonable doubt as to Mr. Lane's innocence (Dkt. No. 9, at 4-5). Judge Harris found that Mr. Lane offered no new evidence and thus failed to satisfy the standard for an actual innocence habeas claim (Dkt. No. 8, at 12). Even now, Mr. Lane's objections cite back to evidence and arguments from the Rule 37 hearing record and Mr. Lane's traverse (Dkt. Nos. 6-7; 7; 9, at 4-5). The evidence available during the state court proceedings, and referenced in the arguments raised during those proceedings, is definitionally not newly disclosed evidence. Further, the Court has reviewed the trial transcript and concludes that it shows ample evidence supporting Mr. Lane's convictions. Accordingly, the Court agrees with the Findings and Recommendation and overrules Mr. Lane's objections regarding his actual innocence claim.

### III. Certificate Of Appealability

In ruling on a petition for writ of habeas corpus brought under 28 U.S.C. § 2254, pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, courts must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). This Court agrees with the Findings and Recommendation and finds no issue on which Mr. Lane has made a substantial showing of a denial of a constitutional right (Dkt. No. 8, at 12). Accordingly, no certificate of appealability should issue.

### IV. Conclusion

It is therefore ordered that:

1. The Court adopts the Findings and Recommendation as its findings in all respects (Dkt. No. 8);

2. The Court dismisses Mr. Lane's petition for writ of habeas corpus (Dkt. No. 2); and

3. The Court denies the issuance of a certificate of appealability.

So ordered this 18th day of February, 2020.

_____
Kristine G. Baker
United States District Judge